UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-24106-JLK

YULEIMY M. RAMOS, *and all others
similarly situated*,

      Plaintiff,

v.

GUIRIBITEY COSMETIC & BEAUTY
INSTITUTE, INC, *a Florida corporation*;
PEDRO GUIRIBITEY, *individually*;
TATIANA GUIRIBITEY, *individually*; and
JACOBO GUIRIBITEY, *individually*

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendants' Amended Motion for Summary Judgment (D.E. 55), filed September 3, 2013. The Court is fully briefed on the matter.[1] The Court notes Defendants had previously filed a Motion for Summary Judgment which was fully briefed before Defendants filed the instant Motion. *See* D.E. 35, 41, 45. The instant Amended Motion includes all of the points raised in the original Motion. Therefore, the original Motion is now moot.

---

[1] Plaintiff filed a Response on September 27, 2013 (D.E. 61) and Defendants Replied on October 7, 2013 (D.E. 65).

## I. BACKGROUND

This is a Fair Labor Standards Act ('the FLSA") case and Florida Minimum Wage Act case involving overtime, prompt payment of minimum wage, and retaliatory discharge. D.E. 26. Plaintiff brings the case on behalf of herself and others similarly situated. Defendants are a corporate entity and three individuals.

Defendants move for summary judgment stating:

1) Plaintiff's minimum wage claim for liquidated damages fails because Plaintiff was paid in excess of the minimum wage and she was not paid so late as to create FLSA liability;

2) The retaliation claim fails because Plaintiff ended her employment voluntarily;

3) The overtime claim is barred because Plaintiff is exempt under the FLSA commissions exemption; and

4) Alternatively, the overtime claim is overstated because a two-year statute of limitations applies, Plaintiff cannot recover liquidated damages, and Plaintiff was an exempt administrative salaried person for a portion of the applicable period.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50; *Matsushita*, 475 U.S. at 586. In reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the Parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### III. ANALYSIS

The Court will address each of Defendants' points in turn.

#### A. *Minimum Wage Liquidated Damages*

Defendants move for summary judgment stating that Plaintiff's minimum wage claim for liquidated damages fails because the undisputed facts show Plaintiff was paid in excess of the minimum wage and she was not paid so late as to create FLSA liability. Liquidated damages are available if an employer fails to pay wages or overtime on a

3

regular payment date. *Benavides v. Miami Atlanta Airfreight, Inc.*, 322 F. App'x 746, 747 (11th Cir. 2009). (citing *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1945).  It is permissible for an employer to tender payment a reasonable time after the pay period. *Arroyave v. Rossi*, 296 F. App'x 835, 837 (11th Cir. 2008) (finding a regular a ten-day delay in payment was not unreasonable).

Plaintiff states in the Second Amended Complaint ("the SAC") that she needs discovery to determine the actual payment dates. D.E. 26 ¶¶18, 21.  No specific payment or due dates are pleaded because Plaintiff states Defendants have the records.

Now that discovery has been completed, Defendants seek summary judgment that the payment dates do not give rise to FLSA liability.  However, it is unclear from the evidence provided and the parties' briefs when payment was due and when Plaintiff received payment.  Plaintiff stated in her deposition that she would receive the checks "Three, four, five days late." D.E. 65 Ex A 43:19-24.  However, in Response to the Motion, Plaintiff says she was often paid two or more weeks late, often over 16 days late. D.E. 61 at 3.  In support, Plaintiff attaches a summary chart with no authenticating affidavit. D.E. 61-1. Moreover, it appears Plaintiff calculates payment from the date she deposited the checks.  Defendants say Plaintiff received her payments a maximum of 13 days after the pay period. D.E. 55 at 4.  Defendants submit copies of Plaintiff's time cards and checks given to Plaintiff with a supporting affidavit. D.E. 55-5 to 55-13. However, the dates are often illegible and, moreover, the dates do not provide proof as to the critical issue of when Plaintiff received her wages.

4

Although Defendants have provided the Court with voluminous records of time cards and checks, neither party has provided authenticated and proper evidence regarding the dates of the close of the pay period and when Plaintiff received her wages for the entirety of the three-year time period preceding the filing of the Complaint. Without such dates, the Court cannot reach summary judgment on the promptness of payment.

## B. Retaliation

To bring a case for retaliatory discharge under 29 U.S.C. § 215(a)(3), Plaintiff must prove she made FLSA-protected statements, suffered adverse employment action, and that adverse action resulted from the protected statements. *Wolf v. Coca-Cola*, 200 F.3d 1337, 1342-1343 (11th Cir. 2000). The FLSA requires employers receive fair notice that "a grievance has been lodged" and to the point where the employer "should reasonably understand the matter as part of its business concern." *Kasten v. Saint Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1334 (2011). In analyzing the sufficiency of oral complaints, the Court held,

> "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.* at 1335.

However, it is not necessary for an employee to mention the FLSA by name in order for the employee's complaint to garner FLSA protection. *See Johnson v. Advertiser Co.*, 778 F. Supp. 2d (M.D. Ala. 2011).

The record is unclear as to what Plaintiff said in her alleged complaints. The SAC states Plaintiff "complained and/or objected to the Employer of unlawful practices under

5

the FLSA as well as Florida minimum wage law," and that she was terminated for "her complaint of the unlawful practice of failing to pay employees overtime wages and to promptly pay employees' wages." D.E. 26 ¶¶27, 29. Neither party cites any discovery to inform the Court what were the actual alleged complaints. In its Motion, Defendants characterize them as complaints about a bounced check. D.E. 55 at 6. Plaintiff alleges she complained about recurring nonpayment, late payment of wages, and a bounced check, but provides insufficient details. D.E. 61 at 5. There is not enough evidence presented in the briefs to allow the Court to reach summary judgment on the retaliation claim; it cannot be determined whether Plaintiff's statements rise to the level of protection.

Moreover, there is no agreement as to the facts surrounding the end of Plaintiff's employment. Defendants seek judgment that Plaintiff voluntarily left her employment. Plaintiff disputes this, arguing she was fired in retaliation for her complaints. Thus, there is clearly a genuine issue of material fact precluding the entry of summary judgment as to whether or not Plaintiff suffered adverse employment action.

### C. *Overtime Barred by Commission Exemption*

Defendants seek summary judgment on the overtime claim by asserting Plaintiff received commissions. The commission exemption under the FLSA applies to an employee of a retail or service establishment who regularly receives over one and one-half the minimum wage and whose compensation is more than one-half based on commission. 29 U.S.C. § 207(i). Plaintiff hotly disputes that the exemption is applicable

6

to her and states that Defendants have not proven its applicability. An employer "bears the burden of proving the applicability of a FLSA exception by 'clear and affirmative evidence.'" *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (internal citations omitted).

The initial requirement of the exemption is that Defendants be a retail or service establishment. Defendants state it is "clear" that they meet that requirement and state that they meet the criteria for being such an establishment, but present no evidence in support beyond counsel's assertions. D.E. 55 at 9. The SAC only states that the corporate Defendant is a beauty and cosmetic business. D.E. 26 ¶12.

Even assuming the corporate Defendant is a retail or service establishment, the parties dispute how to calculate a representative period for determining whether Plaintiff was paid over one and one-half times above the minimum wage and whether she received more than one-half of her wages from commissions. The only requirement in 29 U.S.C. § 207(i) is that the representative period be greater than one month. The parties reach different conclusions depending on what time period is used for calculation.

These differences as to how to calculate the representative period and whether or not Plaintiff's compensation was both over one and one-half times above the minimum wage and more than one-half based on commissions are clear disputes of material fact. Therefore, the Court cannot enter summary judgment on this issue.

### D. *Overtime, Various Claims*

Defendants move for summary judgment on the overtime claim for various reasons. First, Defendants assert that the statute of limitations should be two years

because the FLSA violations were not willful. This is a factual issue subject to the jury's determination and not appropriate for summary judgment.

Second, Defendants assert Plaintiff cannot recover liquidated damages because they had a good faith belief Plaintiff was exempt from overtime under the FLSA. Plaintiff disputes the assertion of good faith. Good faith is, by its very nature, a factual question. The parties are not in agreement as to the facts. Therefore, the Court cannot enter summary judgment.

Third, Defendants state Plaintiff was an exempt administrative salaried person for a portion of the applicable period. "To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202(a). However, there is no requirement that a person be free from oversight to qualify for the exemption. 29 C.F.R. § 541.202(c). In this case, there is a dispute as to what were Plaintiff's duties; the level of Plaintiff's independence and discretion is not agreed upon. Thus, Plaintiff's job duties are too disputed to grant summary judgment.

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendants' Motion for Summary Judgment (**D.E. 35**), be, and the same is, hereby **DENIED as moot**, and

2. Defendants' Amended Motion for Summary Judgment (**D.E. 55**), be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 21st day of November, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record