UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-24106-JLK

YULEIMY M. RAMOS, *and all others
similarly situated*,

    Plaintiff,

v.

GUIRIBITEY COSMETIC & BEAUTY
INSTITUTE, INC, *a Florida corporation*;
PEDRO GUIRIBITEY, *individually*;
TATIANA GUIRIBITEY, *individually*; and
JACOBO GUIRIBITEY, *individually*

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (D.E. 43) filed July 29, 2013. The Court is fully briefed in the matter.[1] Upon review of the record and careful consideration, the Court finds the Motion should be denied.

### I. BACKGROUND

This is a Fair Labor Standards Act ('the FLSA") case and Florida Minimum Wage Act case involving overtime, prompt payment of minimum wage, and retaliatory

---

[1] Defendant responded on September 20, 2013 (D.E. 59) and Plaintiff replied on September 30, 2013 (D.E. 64).

discharge. D.E. 26. Plaintiff brings the case on behalf of herself and others similarly situated. Defendants are a corporate entity and three individuals.

Plaintiff moves for partial summary judgment on four points. First, Plaintiff seeks summary judgment that individual Defendants Tatiana Guiribitey, Jacobo Guiribitey, and Pedro Guiribitey had operational control of the corporate Defendant. Second, Plaintiff moves for summary judgment that Defendants failed to pay minimum wages by failing to timely pay Ramos. Third, Plaintiff moves for summary judgment on her status as an employee of Defendants. Fourth, Plaintiff seeks an entry of judgment that the corporate Defendant is an enterprise engaged in commerce.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477

2

U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50; *Matsushita*, 475 U.S. at 586. In reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the Parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### III. ANALYSIS

The Court will address each of Plaintiff's points in turn.

#### A. *Operational Control*

"Operational control" is an important factor in determining a corporate officer's status as a FLSA employer and personal liability under the FLSA. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013); *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986). Operational control includes supervision over significant aspects of an entity's day-to-day functions, including employment matters. *Patel*, 803 F.2d at 638. "[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations." *Lamonica*, 711 F.3d at 1314.

The Court cannot enter summary judgment as to operational control because there is no *judgment* to be entered. To say that any of these individual Defendants had

operational control of the corporate Defendant is not to say that any are liable in this action for Plaintiff's alleged damages. Thus, no judgment against any of the individual Defendants could be entered.

However, the Court does find that there is no dispute as to the issue of Defendant Tatiana Guiribitey's exercise of operational control over the corporate Defendant and will address this further by separate Order.

With regard to Defendant Jacobo Guiribitey, the Court notes that the exhibits relied upon by Plaintiff have been stricken by Plaintiff. Plaintiff filed the instant Motion on July 29, 2013. Also on July 29, 2013, Plaintiff moved to strike Docket Entry 40 which contained multiple exhibits. That Motion was granted on August 19, 2013 (D.E. 49) and D.E. 40 and its accompanying exhibits were stricken. The only exhibits Plaintiff cites in the instant Motion regarding Defendant Jacobo Guiribitey are found in the now-stricken D.E. 40 and the interrogatory of a separate Defendant (Tatiana Guiribitey). D.E. 43 at 4; 43-1 ¶14. Defendants did not address Defendant Jacobo Guiribitey in their Response. As a consequence, the Court finds this is insufficient evidence upon which to rest a granting of summary judgment, even if such an entry of judgment could be made on this point. In the absence of proper and adequate evidence, the Court denies Plaintiff's Motion as to Defendant Jacobo Guiribitey's exercise of operational control over the corporate Defendant.

Plaintiff's Motion regarding Defendant Pedro Guiribitey faces similar defects in relying on the now-stricken D.E. 40. However, Defendant responded as to Defendant

4

Pedro Guiribitey and concedes that he handled the marketing and advertising for the corporate Defendant. D.E. 59 at 4. Other than involvement in marketing and advertising, Defendants dispute any substantive involvement in managing or directing the corporate Defendant. While it is true that an individual does not need to exercise control at all the times in order to have operational control, it must be substantial and relate to employment issues. *Lamonica*, 711 F.3d at 1314. The Court finds that handling marketing and advertising is, in and of itself, insufficient to exercise operational control over an entity. Without more evidence from Plaintiff of a lack of genuine dispute as to the facts of Defendant Pedro Guiribitey's involvement in the corporate Defendant, the Court denies Plaintiff's Motion as to Defendant Pedro Guiribitey's exercise of operational control over the corporate Defendant.

### B. Prompt Payment

The Court has addressed this issue in its Order Denying Defendants' Motion for Summary Judgment (D.E. 68). As discussed therein, the parties have failed to provide the Court with the relevant dates of close of the pay period and of when Plaintiff received her wages. Accordingly, the facts are unclear and the Court cannot enter summary judgment as to prompt payment of the minimum wage.

### C. Plaintiff's Employment Status

While Plaintiff seeks summary judgment that she is an employee, Defendants believe Plaintiff is an independent contractor. Both parties present evidence in support of

5

their positions. Thus, there are clear disputes regarding the facts surrounding the relationship between Plaintiff and Defendants as to preclude summary judgment.

### D. *Enterprise Coverage*

Plaintiff submits that the parties have a stipulation that the corporate Defendant is an enterprise engaged in commerce under the FLSA. In support, Plaintiff points to an exhibit stricken in the same group as those stricken exhibits discussed above. Defendants do not address enterprise coverage in their Response. Thus, there is no showing of absence of factual dispute on this. If there is, in fact, a stipulation as to this issue the parties should so state in their Pretrial Stipulation.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Partial Summary Judgment (**D.E. 43**) be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 21st day of November, 2013.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record